UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

Julie Hoaglan,

    Plaintiff,

Case No.: 18-cv-01561-LA

v.

SL Greenfield, LLC,

    Defendant.

## JOINT RULE 26(f) CONFERNCE REPORT

Scott S. Luzi and David M. Potteiger of Walcheske & Luzi, LLC, counsel for Plaintiff Julie Hoaglan, and Mark Berhow, Elizabeth A. Odian, and Alexander M. Baggio of Hinshaw & Culbertson LLC, counsel for Defendant SL Greenfield, LLC, having conferred pursuant to Fed. R. Civ. P. 26(f) and submit the following joint report pursuant to the Court's Notice dated January 23, 2019 and in anticipation of the Court's Rule 16(b) Scheduling Conference set for March 5, 2019, at 1:30 p.m. Attorney David M. Potteiger can be reached at telephone number (262) 780-1953 and Attorney Alexander M. Baggio can be reached at telephone number (612) 334-2631.

**1.    Nature of the Case**

This is a single-plaintiff action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL") by Plaintiff Julie Hoaglan against Defendant SL Greenfield, LLC. Plaintiff alleges that during her employment at Defendant, Defendant failed to compensate

303248726v1 1014988

Case 2:18-cv-01561-LA   Filed 02/15/19   Page 1 of 5   Document 19

her for all hours she worked per workweek including workweeks during which she worked in excess of forty (40) hours.

Defendant's Answer has been filed with the Court. Defendant denies Plaintiff's allegations and asserts various affirmative defenses, including that Plaintiff is not owed any additional overtime compensation, that Defendant acted in good faith, and that Defendant's actions were not a willful violation of any federal or state wage and hour laws.

**2.     Settlement Discussions**

The parties have not substantively discussed settlement to date. Defendant has requested a settlement demand from Plaintiff but has not received one to date.

**3.     Jurisdiction**

The parties agree that the Court has federal question subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, and supplemental subject-matter jurisdiction over Plaintiff's WWPCL claims.

**4.     Amending Pleadings**

At this time, the parties do not anticipate amending the pleadings or joining other parties in this matter. Regardless, any such amendments must be filed by March 26, 2019.

**5.     Discovery Plan and Schedule**

The parties submit the following proposed discovery plan and schedule in accordance with Fed. R. Civ. P. Rule 26(f)(3)(A) – (F):

**A.     Rule 26(a) Initial Disclosures.** The parties agree to exchange initial disclosures on or before March 19, 2019. The parties do not otherwise seek any changes in the timing, form, or requirement for disclosures under Rule 26(a).

**B.     Conditional Certification:** Not Applicable.

**C. Certification and De-Certification:** Not Applicable.

**D. Dispositive Motions.**

    i. **Plaintiffs' Proposal:** The parties' deadline for filing dispositive motions shall be August 27, 2019, in compliance with Fed. R. Civ. P. 56, Civil L.R. 7 and Civil L.R. 56

    ii. **Defendant's Proposal:** The parties' deadline for filing dispositive motions shall be August 27, 2019, in compliance with Fed. R. Civ. P. 56, Civil L.R. 7, and Civil L.R. 56.

**E. Subjects and Completion of Discovery:**

    i. **Subjects on which discovery may be needed.** The parties agree that the subjects of discovery may include: Plaintiff's job duties and responsibilities, reporting structure, work schedule, payroll records, punch-in and punch-out data, timesheets, dates of employment, rates of pay, hours worked, work performed, compensation received, and any complaints or communications regarding the aforementioned; Defendant's employment and compensation practices and policies; Defendant's compensation for Plaintiff; and Defendant's timekeeping system(s), compensations method(s), and payroll process(es); the nature and extent of Plaintiff's damages, including unpaid overtime compensation and liquidated damages; and any facts related to or issues that may arise concerning liability, defenses, and damages. Discovery will include written discovery (Interrogatories, Requests for Production of Documents, and Requests for Admissions) and depositions of the parties and witnesses.

**F. Disclosure of Discovery of ESI.** At this time, the parties do not anticipate any special issues related to the disclosure or discovery of electronic information, but will promptly address any issues that do arise during the course of discovery. The parties agree that they will

produce either a hard-copy version of any formerly or currently electronically stored information (ESI) in a form adequate and reasonable to satisfy each party's discovery requests herein for ESI, or in lieu of a hard copy, ESI on a CD-ROM, memory stick, flash drive, FTP site, or other similar medium. To the extent that either party makes discovery requests that either specifically seek ESI, or which necessarily involve a substantial amount of ESI retrieval and review, the parties agree to discuss sharing any ESI-related costs and/or methods of reducing ESI-related costs.

      **G.** **Procedures Regarding Claims of Privilege and Work Product Protection.** At this time, the parties do not anticipate any special issues related to the disclosure or discovery of privileged or work product information. The parties agree that any documents in any format that contain privileged information or legal work product (and all copies) shall be immediately returned to the producing party if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production within seven (7) days after the producing party discovers that the inadvertent production occurred. The parties agree that the recipient of such inadvertently produced information will not use the information, in any way, in the prosecution of the recipient's case. Further, the parties agree that the recipient may not assert that the producing party waived privilege or work product protection based upon the inadvertent production; however, the recipient may challenge the assertion of the privilege and seek a court order denying such privilege.

      **H.** **Limitations on Discovery.** The parties do not propose any changes to the limitations on discovery which are set forth by the Federal Rules or by the Local rules at this time but may seek some relief as to this issue depending upon the Court's rulings on conditional or class certification.

**I.** **Any other orders that should be entered under Rule 26(c) or Under Rule 16(b) and (c).**

    **i.** Plaintiff has requested a jury trial. Plaintiff believes that a trial will last approximately one week.

    **ii.** Defendant has not requested a jury trial. Defendant believes a trial will last approximately one week.

Dated this 15 day of February, 2019.

| */s/ David M. Potteiger* | */s/ Alexander M. Baggio* |
|---|---|
| James A. Walcheske, State Bar No. 1065635 | Alexander M. Baggio |
| Scott S. Luzi, State Bar No. 1067405 | MN State Bar No. 0389912 |
| David M. Potteiger, State Bar No. 1067009 | Mark T. Berhow |
| Matthew J. Tobin, State Bar No. 1097545 | MN State Bar No. 031450X |
| Attorneys for Plaintiff Julie Hoaglan | Attorneys for Defendant SL Greenfield, LLC |
| **WALCHESKE & LUZI, LLC** | **HINSHAW & CULBERTSON LLP** |
| 15850 W. Bluemound Road, Suite 304 | 333 South Seventh Street |
| Brookfield, Wisconsin 53005 | Suite 2000 |
| Telephone: (262) 780-1953 | Minneapolis, MN 55402 |
| Email: jwalcheske@walcheskeluzi.com | Phone No. 612-333-3434 |
| Email: sluzi@walcheskeluzi.com | Fax No. 612-334-8888 |
| Email: dpotteiger@walcheskeluzi.com | E-mail: abaggio@hinshawlaw.com |
| Email: mtobin@walcheskeluzi.com | Email: mberhow@hinshawlaw.com |
| | |
| | Elizabeth A. Odian |
| | State Bar No. 1084776 |
| | Attorneys for Defendant SL Greenfield, LLC |
| | **HINSHAW & CULBERTSON LLP** |
| | 100 E. Wisconsin Avenue |
| | Suite 2600 |
| | Milwaukee, WI 53202 |
| | Phone No. 414-276-6464 |
| | Fax No. 414-276-9220 |
| | E-mail: eodian@hinshawlaw.com |